# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR PAUL HERNANDEZ-MORALES,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>　　　　　　　　　Respondents. | Case No.: 25-cv-2551-BJC-MMP<br><br>**ORDER DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING PETITION**<br><br>ECF Nos. 1, 2 |

## BACKGROUND

On September 26, 2025, Petitioner Nestor Paul Hernandez-Morales, a citizen of El Salvador, filed a Petition for a Writ of Habeas Corpus seeking declaratory and injunctive relief. ECF No. 1. Petitioner, who is subject to a removal order from 2012, alleges he has lived in the United States since 2002 and is the beneficiary of an I-130 immigrant-visa petition and pending Parole-in-Place application. ECF No. 1 ¶¶ 26, 29, 31. He further alleges he was detained on June 18, 2025, and placed in U.S. Immigration and Customs Enforcement ("ICE") custody at the Otay Mesa Detention Center, where he remains. *Id*. ¶ 33. On June 20, 2025, Petitioner filed a motion to reopen his removal proceedings before the Board of Immigration Appeals ("BIA"), asserting statutory eligibility for cancellation of removal, eligibility for adjustment of status, and changed country conditions in El

Salvador. *Id*. ¶ 3, 40.  He further alleges the Department of Homeland Security ("DHS") indicated its intent to execute a removal order notwithstanding Petitioner's pending motion to reopen.  *Id*. ¶¶ 6, 24, 45.  The BIA denied his request for an administrative stay of removal on June 23, 2025.  *Id*. ¶¶ 4, 24, 41.  Petitioner also alleges he filed a protective petition for review and motion for a stay with the Ninth Circuit Court of Appeals on June 24, 2025.  *Id*. ¶¶ 5, 43.  On September 24, 2025, the Ninth Circuit dismissed the petition as premature and lifted its temporary stay of removal.  *Id*. ¶¶ 5, 43.  Petitioner filed this action seeking (1) an order barring removal from the United States until the BIA rules on his pending motion to reopen, (2) preserving the stay for seven days if the motion is denied, and (3) enjoining Respondents from transferring him out of the Southern District of California during the pendency of this action.  *Id*. ¶ 8.

On September 29, 2025, Petitioner filed an Emergency Application for a Temporary Restraining Order ("TRO").  ECF No. 2.  He contends "ICE acted within forty-eight hours to transfer [him] to a Louisiana staging facility and was preparing to remove him." ECF 2-1 at 2.  Petitioner maintains nothing prevents DHS from seeking to remove him immediately now that the Ninth Circuit's emergency stay has been dissolved.  *Id*.

This Court issued an order setting a briefing schedule and a hearing on the motion for a TRO.  ECF No. 4.  The Court enjoined Respondents from removing Petitioner from the United States or this District pending further order of the Court, to maintain the *status quo* to allow the Court to hold the hearing.  *Id*.  Respondents filed a response on October 6, 2025.  ECF No. 6.  Petitioner filed a reply on October 8, 2025.  ECF No. 8.  The parties appeared before this Court on October 9, 2025, for a hearing on the TRO motion.

## DISCUSSION

Petitioner's TRO motion seeks an order:

(1) enjoining Respondents from executing Petitioner's removal until the Board of Immigration Appeals adjudicates his pending motion to reopen, and for seven days thereafter to permit the filing of a petition for review if necessary, or until further order of this Court;

  (2) enjoining Respondents from transferring Petitioner outside the Southern District of California during the pendency of this action;

  (3) Issue an Order to Show Cause requiring Respondents to appear and show cause why a preliminary injunction should not be entered; and

  (4) Grant such further relief as the Court deems just and proper to preserve the Board's jurisdiction and ensure adjudication of Petitioner's statutory motion before removal.

In response, Respondents argue the Court lacks jurisdiction over the petition pursuant to 8 U.S.C. § 1252(g). ECF No. 6 at 4. Specifically, Respondents argue Petitioner's claim is barred by § 1252(g) because it arises from the government's discretionary decision to execute his removal order. *Id.* at 5. They contend the petition and TRO motion, which seek to limit when Respondents can execute the removal order, are an improper attempt to impose judicial restraints on prosecutorial discretion. *Id.* at 5-6. In support, Respondents rely on the Ninth Circuit's decision in *Rauda v. Jennings*, 55 F.4th 773 (9th Cir. 2022).

Petitioner argues § 1252(g) does not bar relief because he is not challenging DHS's authority to execute removal orders but merely seeks to preserve adjudication of his motion to reopen. ECF No. 8 at 5, 6, 7. He maintains that courts retain jurisdiction to issue process-preserving injunctions in such circumstances pursuant to the Administrative Procedure Act and All Writs Act. *Id.* at 5, 7. He also argues Respondents' reliance on *Rauda* is misplaced because the petitioner in *Rauda* had no pending statutory motion before the BIA and asserted generalized hardship, while Petitioner, here, has a "live" motion to reopen supported by new evidence of changed country conditions. *Id.* at 5. Petitioner further contends removal before the BIA rules on his motion to reopen will nullify his claims and foreclose judicial review. *Id.* at 7.

Petitioner also argues DHS is attempting to reclassify him under INA § 241(a) to invoke § 1252(g) and divest the immigration judge and this Court of jurisdiction. *Id.* at 8-9. He contends the Ninth Circuit recognizes the right to protection under asylum and the

Convention Against Torture but argues "the survival of those rights post-removal does not justify bypassing pre-removal adjudication." *Id*. at 9. He argues he retains the right to adjudication of his claims before removal. *Id*.

Congress explicitly divested the court of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). In *Rauda,* a case involving facts substantially similar to the instant action, the Ninth Circuit determined § 1252(g) deprived the court of jurisdiction over the petitioner's claims. *Rauda*, 55 F.4th at 778. Like Petitioner here, the petitioner in *Rauda* was a citizen of El Salvador subject to a removal order, and he sought, through a petition for a writ of habeas corpus, an order enjoining the government from executing the removal order until the BIA ruled on his motion to reopen.[1] *Id*. at 776. The petitioner in *Rauda* filed a motion to reopen with the BIA "so that it could consider 'new developments' regarding his request for [Convention Against Torture] relief," including "claimed political changes in El Salvador." *Id*. Here, Petitioner's motion to reopen seeks cancellation of removal, adjustment of status, and protection under the Convention Against Torture based on "materially changed country conditions." ECF No.1 ¶ 22. The Ninth Circuit, in *Rauda*, concluded that the district court correctly determined it lacked jurisdiction over the petition despite the petitioner's due process concerns. *Rauda*, 55 F.4th at 781.

Like the petitioner in *Rauda*, Petitioner here attempts to frame his challenge to avoid § 1252(g)'s bar on review. He argues he does not challenge the discretionary authority to execute the removal order but seeks to prevent removal to preserve adjudication of his motion to reopen. Petitioner's request to prevent DHS from executing the removal order while the BIA adjudicates his motion to reopen challenges when the Attorney General can execute the removal order. The decision when to execute a removal order is included in

---

[1] Contrary to Petitioner's contention, in *Rauda*, the petitioner's motion to reopen was "live" and pending before the BIA. ECF No. 8 at 4, 8; 55 F.4th at 776.

the discretion to decide whether to execute a removal order, over which the Court has no jurisdiction. *Rauda*, 55 F.4th at 778 (citing *Tazu v. Att'y Gen. United States*, 975 F.3d 292, 297 (3d Cir. 2020)).

Petitioner's argument that he will be prevented from seeking judicial review if he is removed from the United States (ECF No. 2-1 at 19) was specifically rejected by the court in *Rauda*. The court noted, even if the petitioner was removed prior to the BIA adjudicating his motion to reopen, he would "continue to have access to the process guaranteed to him under the statute" because his presence in the United States is not required for adjudication of the motion to reopen. *Id*. at 777. Petitioner's motion to reopen is pending and, according to the Ninth Circuit, will remain so until its adjudication, even if Petitioner is removed. *Id*. at 781. Petitioner provides no authority to support his argument otherwise. Petitioner may challenge the BIA's final decision to the Ninth Circuit thereafter, if necessary. "This statutorily provided process satisfies any demands of the Due Process Clause when an alien subject to a valid, final order of removal seeks to reopen his removal proceedings." *Id*. at 780.

Finally, Petitioner's claim that DHS is retroactively reclassifying him to avoid judicial review is unavailing. He contends he is still entitled to seek to reopen proceedings and seek statutory protections provided by the Convention Against Torture under the new classification, and those protections are not extinguished by the removal order. Petitioner has already taken advantage of the statutory process and filed his motion to reopen. As discussed above, his removal from the United States, if it occurs, will not extinguish the process.

In sum, Petitioner fails to distinguish his challenge from the substantially similar challenge deemed barred in *Rauda*, and he fails to demonstrate that his petition and TRO motion do not challenge the discretionary authority to execute the removal orders. The Court finds § 1252(g) bars such challenges from judicial review.

///

///

# CONCLUSION AND ORDER

Based on the foregoing, the Court finds it lacks jurisdiction over Plaintiff's challenge to the decision to remove him before the BIA adjudicates his motion to reopen.[2] Accordingly, the motion for a temporary restraining order is DENIED, and the petition that seeks the same relief is DISMISSED.

**IT IS SO ORDERED**.

Dated:  October 15, 2025

_____
Honorable Benjamin J. Cheeks
United States District Judge

---

[2] Respondents also argue the Court lacks jurisdiction because Petitioner failed to name the proper respondent in this habeas petition.  ECF No. 6 at 4.  Because the Court finds section 1252(g) bars judicial review, it will not address this issue.